UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

FRANCINE DEL CIELLO-BLATT,
    Plaintiff

vs.                      CIVIL NO. 1:12-CV-1950

ANNE BAKER, *et al.*,
    Defendants

*M E M O R A N D U M*

*I.*       *Introduction*

On June 6, 2012, Plaintiff filed the instant action in the Philadelphia Court of Common Pleas, alleging that Defendants, Pennsylvania Department of Health ("DOH") and its officials, retaliated against her in violation of the First Amendment.[1] On July 5, 2012, Defendants removed the action to the United States District Court for the Eastern District of Pennsylvania. On August 7, 2012, DOH moved to dismiss for improper venue and failure to state a claim. On September 27, 2012, the Honorable C. Darnell Jones

---

[1] The DOH officials named as Defendants are Anne Baker, Deputy Secretary of Administration, Michael Wolf, Executive Deputy Secretary, and Todd Shamash, Deputy Chief of Staff.

transferred the case to the Middle District of Pennsylvania. Pending before the court is Defendants' motion to dismiss for failure to state a claim.

*II.        Background*[2]

In a motion to dismiss under Fed. R. Civ. P. 12(b)(6), we must take all factual allegations in the complaint as true. Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008)). Plaintiff, a Certified Public Accountant, was employed by the DOH from February 28, 2011 until February 27, 2012. During this period, she served as Special Assistant to the Secretary of Health. This position required Plaintiff to identify waste and abuse of public funds and implement safeguards and controls to prevent future waste. She uncovered waste and the mishandling of funds in three areas: the Ryan White HIV/AIDS Program, the Women, Infant, and Children ("WIC") program, and telephone bills. She reported this waste to Defendants Ann Baker, DOH Deputy Secretary of Administration, and Michael Wolf, DOH Executive Deputy Secretary.

On February 15, 2012, Plaintiff attended a meeting with Defendant Wolf and representatives from the U.S. Department of Agriculture about the WIC program.

---

[2] In addition to these facts, Plaintiff requests that the court take judicial notice of five documents that describe the purpose and function of the Office of the Inspector General. When deciding a motion to dismiss, we may look to records subject to judicial notice. McTernan v. City of York, Penn., 577 F.3d 521, 526 (3d Cir. 2009). "A judicially noticed fact must either be generally known within the jurisdiction of the trial court, or be capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Werner v. Werner 267 F.3d 288, 295 (3d Cir. 2001). For the purposes of the motion to dismiss, we will take judicial notice of the documents submitted by Plaintiff.

They discussed the unlawful sales of infant formula on the internet by WIC program recipients. Plaintiff had investigated this issue the previous month and prepared a report with her findings and recommendations for her supervisor, the Secretary of the DOH, Dr. Avila. Later that day, the Pennsylvania Inspector General, Kendra Faulkner, called Plaintiff and asked what was discussed at the meeting.[3] The Inspector General indicated that the U.S. Department of Agriculture was going to provide the Commonwealth with money to investigate the problems with the WIC program, and asked if Plaintiff would assist with the investigation. Plaintiff indicated that she would need to contact Dr. Avila for his approval. Once Dr. Avila gave his approval, Plaintiff set up a meeting on February 23, 2012 with Wes Rishy, General Counsel for the Office of the Inspector General. Prior to the meeting, Plaintiff informed Defendant Wolf that she would be attending, and that Dr. Avila had approved her participation. During the meeting, Plaintiff was asked about the issues surrounding the WIC program. Plaintiff was asked to be the Inspector General's contact in the Department of Health regarding the investigation. Later that day, Plaintiff briefed Defendant Wolf about the meeting.

On February 27, 2012, Defendant Todd Shamash, Deputy Chief of Staff, and James Honchar met with Dr. Avila. Shortly thereafter, Mr. Honchar and Dr. Avila told Plaintiff that "the Governor was terminating her." (Doc. 1-1, ¶ 46). On June 6, 2012, Plaintiff brought the present action, alleging that Defendants Ann Baker, Michael Wolf,

---

[3] The Office of the Inspector General investigates instances of waste, fraud, abuse, and misconduct in executive agencies and programs under the governor's control.

Todd Shamash, and the DOH retaliated against her for exposing the waste and mismanagement of funds. She also brings a conspiracy claim, an aiding and abetting claim, and a whistle blower claim.

III.     *Standard of Review*

Rule 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." Under Rule 12(b)(6), we must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008)). While a complaint need only contain "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and detailed factual allegations are not required, Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d. 929 (2007), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 556). "[L]abels and conclusions" are not enough, and a court "'is not bound to accept as true a legal conclusion couched as a factual allegation. Twombly, 550 U.S. at 555 (quoted case omitted).

4

In resolving a motion to dismiss, we thus "conduct a two-part analysis." Fowler, supra, 578 F.3d at 210. First, we separate the factual elements from the legal elements and disregard the legal conclusions. Id. at 210-11. Second, we "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" Id. at 211 (quoted case omitted).

IV. *Discussion*

*A. First Amendment Retaliation Claim (Count I)*

To bring a retaliation claim, a plaintiff must allege three things: "(1) constitutionally protected conduct, (2) retaliatory action sufficient to deter a person of ordinary firmness from exercising his constitutional rights, and (3) a causal link between the constitutionally protected conduct and the retaliatory action." Thomas v. Independence Twp., 463 F.3d 265, 296 (3d. Cir. 2006). Defendants argue that Plaintiff's claim fails to meet the first prong because, as a public employee, her speech was unprotected. "[T]he First Amendment does not shield the consequences of 'expressions employees make pursuant to their professional duties.'" Gorum v. Sessoms, 561 F.3d 179, 185 (3d Cir. 2009) (citing Garcetti v. Ceballos, 547 U.S. 410, 126 S. Ct. 1961, 164 L. Ed. 2d 689 (2006)). The Third Circuit has held that

> A public employee's statement is protected activity only where (1) the employee spoke as a citizen (2) about a matter of public concern and (3) the government employer did not have an adequate justification for treating the employee differently from any other member of the general public as a result of the statement he made.

Hara v. PA Dep't of Educ., 492 Fed. Appx 266 (3d Cir. 2012) (nonprecedential) (citing Garcetti 547 U.S. at 418).

Speech made pursuant to an employee's official duties is unprotected by the First Amendment. Id. "Official duties" describes "the duties an employee actually is expected to perform." Garcetti, 547 U.S. at 424. Speech may be considered part of an employee's official duties if it "relates to special knowledge or experience acquired through his job." Gorum, 561 F.3d at 185. The Third Circuit has found that "complaints up the chain of command about issues related to an employee's workplace duties — for example, possible safety issues or misconduct by other employees — are within an employee's official duties." Morris, 487 Fed. App'x at 39 (nonprecedential).

Defendants assert that Plaintiff was acting pursuant to her official duties when she was investigating the waste and misuse of funds and reporting these issues. Plaintiff agrees that when reporting this type of information up the chain of command, speech is unprotected. However, Plaintiff argues that when she participated in the Inspector General's investigation about the WIC program, she was speaking as a citizen about a matter of public concern.

Plaintiff's responsibilities as Special Assistant to the Secretary of Health included "ferret[ing] out waste, fraud and corruption," "representing the Secretary at meetings . . . [and] serving as primary contact point with . . . federal and local government officials." (Doc. 1, ¶¶ 12-13). The allegations in the Complaint demonstrate that Plaintiff was speaking pursuant to these responsibilities. As part of her job, Plaintiff

investigated the subject of WIC program recipients who were selling infant formula on the internet, and she reported her findings to Dr. Avila. While speaking to the Inspector General about the WIC program, Plaintiff was addressing this issue, which "relates to special knowledge or experience acquired through [her] job." Gorum, 561 F.3d at 185. Additionally, Plaintiff sought approval from her supervisor, Dr. Avila, before attending the February 23, 2012 meeting. She alerted Defendant Wolf, the Executive Deputy Secretary, about the meeting and briefed him on it upon returning to the office. Under these circumstances, we find that Plaintiff was speaking as an employee, and her speech was unprotected. See id. ("a public employee does not speak as a citizen when he makes a statement pursuant to his official duties."); Kougher v. Burd, 274 Fed. App'x. 197 (3d Cir. 2008) (nonprecedential) (holding that an employee's speech to the press about job-related activities was unprotected); Ankney v. Wakefield, 2012 U.S. Dist. LEXIS 85041, 2012 WL 2339683 (W.D. Pa. 2012) (finding that a teacher's report about safety issues to an outside agency lacked First Amendment protection). For this reason, Plaintiff's First Amendment claim will be dismissed.

### B. Conspiracy Claim (Count III)

Defendants move to dismiss Plaintiff's conspiracy claim brought pursuant to § 1983. To establish a conspiracy claim, Plaintiff "must show that two or more conspirators reached an agreement to deprive him or her of a constitutional right under color of law." Parkway Garage, Inc. v. City of Phila., 5 F.3d 685, 700 (3d Cir. 1993), abrogated on other grounds by United Artists Theatre Circuit, Inc. v. Twp. of Warrington,

316 F.3d 392 (3d Cir. 2003). "A conspiracy to engage in conduct that does not amount to a constitutional violation is not a violation of § 1983." Whittaker v. County of Lawrence, 437 Fed. Appx. 105, 109 (3d Cir. 2011) (nonprecedential).

Plaintiff's conspiracy claim relates to her retaliation claim. Because we determined that Plaintiff failed to establish a constitutional violation, her conspiracy claim also fails. See id. (finding no conspiracy claim without a constitutional violation).

### C. Remaining Claims

Because we are dismissing Plaintiff's constitutional claims, we will decline to exercise supplemental jurisdiction over the remaining state law claims.

### V. Conclusion

For the reasons set forth above, Plaintiff's retaliation and conspiracy claims will be dismissed. Leave to amend would be futile and will be denied. See Grayson v. Mayview State Hosp., 293 F.3d 103 (3d Cir. 2002). The remaining state law claims will be remanded to the Philadelphia County Court of Common Pleas. We will issue an appropriate order.

/s/William W. Caldwell  
William W. Caldwell  
United States District Judge

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

FRANCINE DEL CIELLO-BLATT, :
    Plaintiff :
     :
    vs. : CIVIL NO. 1:12-CV-1950
     :
     :
ANNE BAKER, *et al.*, :
    Defendants :

*O R D E R*

AND NOW, this 12th day of June, 2013, upon consideration of Defendants' motion to dismiss (doc. 19), and Plaintiff's response thereto (doc. 29), it is ORDERED that:

1. Defendants' motion to dismiss is GRANTED in part and DENIED in part.

2. Counts I and III of Plaintiff's complaint are DISMISSED with prejudice.

3. Counts II and IV of Plaintiff's complaint are REMANDED to the Philadelphia Court of Common Pleas.

                                            /s/William W. Caldwell
                                            William W. Caldwell
                                            United States District Judge